ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARYJUDGMENT
 I. INTRODUCTION
This matter comes before the court on the motion of Plaintiff Douglas County (the county) for summary judgment. The county seeks a declaratory judgment from this court that certain writings tendered by Defendant (taxpayer) to the Douglas County tax collector (the tax collector) "are not lawful money of the United States, are of no legal effect, and do not constitute valid payment of [taxpayer's ad valorem property] tax bill." (Ptf's Compl at 3.)
In an order dated September 14, 2010, this court denied a previous motion of the county for summary judgment because the court could not conclude solely on the face of the pleadings that there was "no genuine issue as to any material fact" and that the county was entitled to prevail as a matter of law. The motion presently before the court is an amended version of the previous motion with accompanying affidavits and exhibits. On October 4, 2010, taxpayer filed a document with the court entitled "Notice, of Answer, of Affidavit of Truth." The court considers this document a response to the motion of the county for summary judgment. *Page 2 
 II. FACTS
Taxpayer owns real property in Douglas County, identified in the county records as tax account No. R65264. (Aff of Sandra Correll, Ex A.) In April 2010 the Douglas County tax collector sent a tax bill to taxpayer seeking payment of the taxes on taxpayer's real property for the 2008-09 and 2009-10 tax years. (Id. at 1.) On May 5, 2010, the tax collector received a parcel from taxpayer containing the tax bill, the payment coupon portion of the tax bill (someone — presumably taxpayer — had detached it from the tax bill) and an IRS form 1040 V payment voucher filled out with taxpayer's name, address and social security number. (Id., Exs A through C.) Between the time the tax collector sent the tax bill to taxpayer and the time the tax collector received the bill back from taxpayer, the bill had been altered in several ways. Specifically, someone wrote the word "OFFER" across the top of the tax bill and the phrases "NO TRESPASSING" and "NO REVERSE ENTRIES" in the lower right-hand portion of the bill. The tax bill was also stamped with the following: Accepted for Value Exempt From Levy _____________ ____________ Exemption ID#__________ Deposit to U.S. Treasury Charge the same to Account# ________________________ or to ________________________ Zero or Adjust and Return Settlement
(Id., Ex A.) In the spaces provided, taxpayer signed and dated the stamp, filled in the "Exemption ID#" line with his Social Security number, and identified "Ohlsen, Eric James" and "Douglas County Tax Collector" as the "account" numbers to be charged. Taxpayer stamped and handwrote the same information on the payment coupon. *Page 3 
On May 6, 2010, the Office of the County Counsel for Douglas County wrote taxpayer to inform him that the documents he had sent to the tax collector did not constitute "lawful money of the United States," and thus would not be accepted in payment of taxpayer's property tax liability. (Aff of Paul E. Meyer, Ex D.)
On May 26, 2010, the tax collector received from taxpayer a document titled "Notice and Command" in which taxpayer argued that by failing to return the documents to taxpayer "within 7 days truth in lending" the tax collector had accepted the documents as payment. (Aff of Sandra Correll, Ex E.) Taxpayer further demanded that the tax collector "settle and zero" his tax account. (Id.) There followed a exchange of letters between the county counsel and taxpayer in which the county reiterated that it would not accept taxpayer's documents in satisfaction of taxpayer's property tax liability. (Aff of Paul E. Meyer, Ex F.) Taxpayer, for his part, appeared to express the opinion that his property tax liability was satisfied. (Id., Ex G.)
On June 16, 2010, the county filed in the Regular Division of the Oregon Tax Court seeking a declaratory judgment that the documents with which taxpayer seeks to pay his property tax are not "lawful money of the United States" and therefore "do not constitute valid payment of taxpayer's tax bill." The county also seeks costs and disbursements and attorney fees. (Ptf's Compl at 3-4.)
 III. ISSUE
Are the documents taxpayer sent to the tax collector "lawful money of the United States" with which taxpayer can satisfy his property tax bill? *Page 4 
 IV. ANALYSIS
ORS 311.260 provides in pertinent part:
 "[A]ll taxes levied by this state shall be collected and paid in lawful money of the United States, and not otherwise."[1]
In its motion for summary judgment, the county argues that the documents taxpayer sent to the tax collector are not "lawful money of the United States," and therefore cannot be used to pay taxpayer's property tax bill. (Ptf's Mot for Summ J at 4-5.) In his response, taxpayer asserts that the tax collector has received payment in the form of the payment coupon the tax collector received from taxpayer on May 5, 2010. (Def's Notice of Answer of Aff of Truth at 10.) Fundamentally, the court is called on to determine what ORS 311.260(1) means when it says that taxes must be paid in "lawful money of the United States."
In interpreting statutory text, the court must "pursue the intention of the legislature if possible." ORS 174.020. To achieve this goal, Oregon courts consider the text and context of the statute, giving words of common usage their "plain, natural and ordinary meaning." Portland General Electric Company v. Bureau ofLabor and Industries (PGE),317 Or 606, 610-11, 859 P2d 1143 (1993). Courts also consider the legislative history of the statute, though the court may confine its consideration of legislative history to materials proffered by the parties and may assign legislative history whatever weight the court decides is appropriate. State v. Gaines,346 Or 160, 169, 206 P3d 1042 (2009). If uncertainty remains, the court may then resort to "general maxims of statutory construction" in an effort to resolve any lingering questions. PGE,317 Or at 612. *Page 5 
The meaning of ORS 311.260 is clear upon examination of the text and context of the statute.[2] Money is "[s]omething generally accepted as a medium of exchange, a measure of value, or a means of payment," Webster's Third New InternationalDictionary 1458 (unabridged ed 2002), or "[t]he medium of exchange authorized or adopted by a government as part of its currency," Black's Law Dictionary 1021 (7th ed 1999). "Lawful money" is "[m]oney that is legal tender for the payment of debts."Id. In short, the intention of the Legislative Assembly in requiring taxes levied by the state to be paid in "lawful money of the United States" appears to be that such taxes be paid in whatever medium the government of the United States considers "legal tender for the payment of debts."
31 USC § 5103 states in pertinent part:
 "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues."[3]
Consequently, when ORS 311.260 states that taxes must be paid in "lawful money of the United States," it means that taxes must be paid in "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks)."
Of course, as a practical matter, taxpayers are neither required nor encouraged to pay their tax liabilities by sending cash to the county tax collector or the Department of Revenue. However, whatever means a taxpayer chooses to utilize must be convertible on demand into "lawful money of the United States." *Page 6 
Should a taxpayer's chosen means of effecting payment prove not to be convertible into cash, the taxpayer remains liable for the amount of the taxes. See ORS 73.0310.[4]
Here taxpayer claims to have paid his property tax bill by returning the payment coupon to the Douglas County tax collector bearing the stamp and writings described in part II of this order. (Def's Notice, of Answer of Aff of Truth at 10.) The federal government has not designated tax bills, payment coupons or any other documents bearing the aforementioned stamp and writings legal tender for the payment of debts.
 V. CONCLUSION
This court holds that that the documents taxpayer sent to the Douglas County Tax Collector are not "lawful money of the United States" and do not constitute valid payment of taxpayer's Oregon ad valorem property tax liability. Now, therefore,
IT IS ORDERED that Plaintiff's Amended Motion for Summary Judgment is granted.
Dated this ___ day of February, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON FEBRUARY 7, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2009 edition.
[2] Neither the county nor taxpayer provided the court with legislative history concerning ORS 311.260 and such legislative history as the court was able to locate on its own initiative does not shed any light on the legislative intent behind the words "lawful money of the United States."
[3] All references to the United States Code (USC) are to the 2006 edition.
[4] The same principal applies in the federal system. See
IRC § 6311(b) ("If a check, money order, or other method of payment, including payment by credit card, debit card, or charge card * * * is not duly paid, or is paid and subsequently charged back to the Secretary [of the Treasury], the person by whom such check, or money order, or other method of payment has been tendered shall remain liable for payment of the tax * * * to the same extent as if such check, money order, or other method of payment had not been tendered.") All references to the Internal Revenue Code (IRC) are to the 2008 edition.